IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In the Matter of:

MICHAEL P. CARROLL   Case No. 16-32795
Judge Mary Ann Whipple
Chapter 7

Debtor(s)

**DEBTOR MICHAEL P. CARROLL'S MOTION FOR CONTEMPT AGAINST CREDITOR KEYBANK, NATIONAL ASSOCIATION**

Debtor Michael P. Carroll ("Debtor"). through Counsel, and for his Complaint for Damages against Creditor KeyBank, National Association ("Creditor" or "Key") hereby states as follows:

## I. PRELIMINARY STATEMENT

### INTRODUCTION

1. This is an action for actual damages, statutory damages, and legal fees and expenses filed by Debtor against Creditor for their improper actions and conduct which are not in compliance with and are in fact in violation of the Discharge Provisions of the United States Code (11 U.S.C. 524, *et seq*.).

2. Debtor has a private cause of action under 11 U.S.C. §524 pursuant to the 6th Circuit's decision in *In re Pertuso* which states while there is no private right of action for violation of the discharge injunction, Debtor may bring civil contempt charges against a party they allege has violated the injunction, and if contempt is established, they may be awarded damages as a sanction for that contempt pursuant to this Court's authority under 11 U.S.C. § 105. *See Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421-23 (6th Cir. 2000); *see also Chambers v. Greenpoint Credit (In re Chambers),*

324 B.R. 326, 329 (Bankr. N.D. Ohio 2005).   All other statutes that Debtor is seeking a remedy under their statutory construction.

**PARTIES**

3. Debtor Michael P. Carroll is the Debtor in the underlying Chapter 7 Petition and is a natural person residing in the City of Toledo, County of Lucas, State of Ohio and has resided at this location for all relevant times herein.

4. Creditor KeyBank, National Association is a federally chartered bank headquartered in Cleveland, Ohio.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference previously entered in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

6. This Court location is the proper venue for this action under 28 U.S.C. § 1391(b).

7. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because Debtor is a resident in this District and all claims occurred in this District.

II. **FACTUAL ALLEGATIONS**

8. Debtor restates and incorporates the allegations contained in Paragraphs 1 through 7 as if fully rewritten herein.

9. Sometime prior to the filing of his Chapter 7 Petition for Relief the Debtor incurred liabilities on two cognovit notes owed to Creditor that Debtor guaranteed on behalf of two separate business entities.

10. These cognovit judgments were subject to two pieces of litigation in the Lucas County Court of Common Pleas that were filed prior to the filing of Debtor's Chapter 7 Bankruptcy. These cases were:

   a. *KeyBank, National Association v. Carroll Insurance Company, et al*, Lucas County Court of Common Pleas Case No. G-4801-CI-20153436 (the "3436 case")

   b. *KeyBank, National Association v. The Carroll Mortgage Co. Ltd, et al.*, Lucas County Court of Common Pleas Case No. G-4801-CI-20153437 (the "3437 case")

11. Key filed Certificates of Judgment in both the 3436 and 3437 case on July 28, 2015.

12. Key transferred those Certificate of Judgments on June 10, 2016 in both the 3436 and 3437 case.

13. On September 2, 2016 the Debtor filed his Chapter 7 Petition for Relief with this Court. *See* Docket, Doc. No. 1.

14. As part of the filing of his Petitions and Schedules, Debtor listed specific liabilities to Creditor on Lines 4.1 and 4.2 of Schedule E/F. *Id.*; see also *Id.*, Doc. 4 at pp. 10-11.

15. The Debtor received his discharge on March 1, 2017. *Id.*, Doc. 30. This discharge included all liabilities owed to Creditor.

16. Neither the Notice of Bankruptcy Filing nor the Notice of Debtor's Discharge issued and served to the Creditor via the addresses noted in Debtor's Schedule via the Bankruptcy Noticing Center ("BNC") were returned to this Court.

17. Despite receipt of the Debtor's discharge on July 7, 2020 Key renewed their Certificates of Judgment in the 3436 and 3437 case. These two certificates of judgment were Lucas County Court

of Common Pleas Lien No. G-4801-LN-020211132-000 and G-4801-LN-020211132-000. *See* Exhibit 2 generally. (the "Liens").

18.     The Debtor did not receive copies of the Liens from either Key or the Lucas County Court of Common Pleas.

19.     Sometime during February 2022 as the Debtor was working to refinance his home to comply with an outstanding obligation from his Decree of Divorce, the Debtor was informed by his Title Company of the existence of these liens.

20.     On or about March 1, 2022 the Debtor was notified by his lender that he was cleared to close with an interest rate lock through March 31, 2022.

21.     On March 17, 2022 the Debtor, through Counsel, filed the Motion to Reopen his Chapter 7 Case. *See* Doc. 34.

22.     As part of the service of the Motion to Reopen, Debtor, through Counsel, sent correspondence to Key both via certified mail to its registered agent and to the counsel who filed the Liens via electronic means, a copy of which is attached as Exhibit 1 to this Complaint, which informed Key of his intention to proceed with the Motion for Contempt and notifying Key of the issues related to the refinancing. *See* Exhibit 1 generally.

23.     On April 5, 2022 this Court granted Debtor's Motion to Reopen Case. *See* Doc. 37.

24.     Shortly after retaining counsel, Key's Counsel reached out to Debtor's Counsel to expedite the release of the liens.

25.     The Liens were released on April 12, 2022. *See* Exhibit 2.

26.     Armed with the releases of the liens, the Debtor was able to complete closing on April 22, 2022. *See* Exhibit 3.

27. As a result of the delays caused by Key's improper placement of the Liens in violation of the discharge and their delays in releasing the Liens, the Debtor was forced to pay $2,468.18 in points. *Id.*

### III. CAUSES OF ACTION

<u>**COUNT ONE: VIOLATION OF THE DISCHARGE ORDER**</u>
**(11 U.S.C. § 105, 11 U.S.C. § 524)**

28. The Debtor realleges all allegations contained in Paragraphs 1 through 27 as if fully restated herein.

29. 11 U.S.C. § 524(a)(2) states a discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

30. As stated above the Debtors received their discharge on May 1, 2017.

31. Based on the allegations above, *supra*, despite receiving the Notice of Discharge both from this Court, Key renewed its Liens against the Debtor on July 6, 2020. *See* Exhibit 2.

32. Based on the allegations above, *supra*, despite receiving the Notice of the Motion to Reopen which explicitly put Key on notice of the improper renewal of the Liens, Key failed to release its Liens until April 12, 2022. *See* Doc. No. 34; *see also* Exhibit 2.

33. Based on the allegations above, *supra*, despite receiving Exhibit 1 along with the Motion to Reopen which both explicitly put Key on notice of the improper renewal of the Lien and Debtor's imminent refinancing, Key failed to release its Liens until April 12, 2022. *See* Doc. No. 34; *see also* Exhibits 1 and 2.

34. The actions of the Key demonstrated above are each overt acts to ignore the discharge and constitute separate and distinct affirmative actions in violation of the Discharge order issued by this Court.

35. The actions of the Creditor demonstrated above are each overt acts to ignore the discharge and constitute separate and distinct willful actions despite having actual knowledge of the Debtor's discharge and also after being put on notice on at least two, if not more, occasions by the Debtor, either directly or through Counsel, of the Debtor's discharge and the urgent need for Key to mitigate its damages.

36. As demonstrated by Exhibit 3, Key's actions in willfully violating the discharge and failing to timely release the Liens proximately caused the Debtor to suffer $2,468.18 along with the continued stress, anxiety, and frustrations related to Key's improper renewal of the Liens in violation of the Discharge Order.

37. As alleged above the Debtor has been directly harmed by the actions of the Creditor and in order to carry out the provisions of the Code and maintain the integrity of this Court's orders, this Court must impose an award of actual damages of at least $2,468.18, punitive damages and legal fees against Creditor in an amount to be determined at trial pursuant to the provisions of 11 U.S.C. §105.

**PRAYER FOR RELIEF**

WHEREFORE, Debtor Michael P. Carroll respectfully requests that this Court enter an Order granting judgment against Creditor KeyBank, National Association for the following:

A. For an award of actual damages against Creditor of at least $2,468.18 and in a total amount to be determined by the Court for the allegations contained in Count One;

B.      For an award of statutory damages in an amount to be determined by this Court against Creditor for the allegations contained in Count One;

C.      For an award of punitive damages in an amount to be determined by this Court against Creditor for the allegations contained in Count One;

D.      For an award of Debtor's reasonable attorneys' fees and costs against Creditor for the allegations contained in Count One; and

E.      Granting all such further and other relief as this Court deems just and appropriate.

Respectfully Submitted,

/s/Brian D. Flick, Esq
Brian D. Flick, Esq #0095244
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
(513) 645-3488
(216) 373-0536 e-fax
notices@dannlaw.com
*Attorney for Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 13, 2022, a copy of the foregoing Status Report was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Ericka S. Parker, Chapter 7 Trustee at esparker@sbcglobal.net

James M. Perlman, prior counsel for Debtor at jper1@bex.net

Office of the US. Trustee at (registered address) at usdoj.gov

KeyBank, National Association, Creditor, at key_bankruptcy_ebnc@keybank.com

And upon the following parties via certified U.S. mail on May 13, 2022:

KeyBank, N.A., ℅ Christopher M. Gorman, C.E.O, 127 Public Square, Cleveland, OH 44107

And upon the following parties via ordinary U.S. mail, postage prepaid, on May 13, 2022:

    Michael Carroll, Debtor, at 3712 River Road, Toledo, OH 43614

    KeyBank, N.A. at 4910 Tiedeman Road, Cleveland, OH 44144-2338

And as a courtesy upon the following party via electronic means to:

    Kirk Roessler, Esq. at kreossler@porterwright.com

                                          /s/ Brian D. Flick, Esq.
                                          Brian D. Flick, Esq. #0081605
                                          *Attorney for Debtors*

# EXHIBIT 1



Cleveland | Columbus | Cincinnati | New Jersey | New York

Dann Law

**Brian D. Flick, Esq.**

(513) 645-3488　　　　　　bflick@dannlaw.com　　　　　　(216) 373-0536
*Direct Telephone*　　　　　　　　*Email*　　　　　　　　　　*Fax*

March 17, 2022

　　　　　*** sent via email to Douglas M. Eppler at deppler@walterhav.com

KeyBank, N.A.
℅ Christopher M. Gorman, C.E.O
127 Public Square
Cleveland, OH 44107

Re:　*KeyBank, N.A. v. Carroll Insurance Agency, Inc., et al.*, Lucas County (OH) Court of Common Pleas Case No. G-4801-LN-202011132-0000/ CI-02015-503436

　　　*KeyBank. N.A. v. The Carroll Mortgage Co., et al.*, Lucas County (OH) Court of Common Pleas Case No. G-4801-LN-202011133-0000/ CI-02015-503437

　　　*In re Michael P. Carroll*, United States Bankruptcy Court for the Northern District of Ohio Case No. 16-32795

To All It May Concern:

I have recently been retained by Michael P. Carroll related to KeyBank's continued attempts to collect against him despite his *in personam* discharge of all liabilities owed to KeyBank in the above referenced Chapter 7 case.

KeyBank's actions have included the renewal of two judgment liens in 2020 against both the business entities and Michael P. Carroll personally which are referenced above. These liens were renewed by Douglas M. Eppler who will also be receiving this correspondence as well given he appears to be the last attorney of record in the common pleas cases.

The continued existence of these liens is impairing Mr. Carroll's ability to complete a necessary re-financing of real property that is subject to his divorce decree and he faces a very real threat of contempt should these liens remain improperly against him.

**This letter shall serve as a demand for KeyBank to remove the liens within the next five (5) business days.** In addition to filing this letter I have filed a Motion to Reopen his Chapter 7 Bankruptcy for the sole purpose of filing a Motion for Contempt for KeyBank's collection efforts post-petition which Mr. Carroll will do if these liens are not removed. Time-stamped copies of

Mailing Address　　　　　　DannLaw.com　　　　　　Physical Address
15000 Madison Avenue　　　　877-475-8100　　　　　　220 Mill Street
Lakewood, OH 44107　　　　　　　　　　　　　　　　　Milford, OH 45150

16-32795-maw    Doc 45    FILED 05/13/22    ENTERED 05/13/22 13:05:48    Page 10 of 20

March 17, 2022
Page 2



the Motions are attached to this letter along with the docket information from the Lucas County Court of Common Pleas Clerk.

Please feel free to contact me directly either via my email or my cell phone (513) 382-5347 at your earliest convenience to discuss.

On behalf of Mr. Carroll, I thank you for immediately taking the appropriate steps to remove the liens and providing time-stamped copies of the releases to my attention. Assuming these steps are taken by Key, Mr. Carroll will withdraw his Motion to Reopen.

    Thank you.

    DANNLAW

    */s/ Brian D. Flick*

    Brian D. Flick

**Mailing Address**  
15000 Madison Avenue  
Lakewood, OH 44107

DannLaw.com  
877-475-8100

**Physical Address**  
220 Mill Street  
Milford, OH 45150

16-32795-maw    Doc 45    FILED 05/13/22    ENTERED 05/13/22 13:05:48    Page 11 of 20

# EXHIBIT 2

FILED
LUCAS COUNTY
2022 APR 12 PM 1:28
COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURT

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

| | |
|---|---|
| KEYBANK NATIONAL ASSOCIATION, | JUDGMENT LIEN CASE NO. |
| | G-4801-LN-0202011132-000 |
| Plaintiff, | |
| | JUDGE GARY G. COOK |
| v. | |
| CARROLL INSURANCE AGENCY INC., | |
| et al., | |
| | **RELEASE OF JUDGMENT LIEN** |
| Defendants. | |

The plaintiff, KeyBank National Association, hereby releases from the operation and effect of the certain Certificate of Judgment for Lien, entered as Judgment Lien No. G-4801-LN-0202011132-000 and filed on July 7, 2020, in the Judgment Lien records of Lucas County, Ohio, all real property located in Lucas County, Ohio, and owned by defendant, Michael P. Carroll. Plaintiff hereby authorizes and requests the Clerk of this Court to enter this release of the property from the lien of the Judgment.

Respectfully submitted,

PORTER WRIGHT MORRIS & ARTHUR LLP

*/s/ Kirk W. Roessler*

KIRK W. ROESSLER (0060931)
950 Main Avenue, Suite 500
Cleveland, OH 44113-7206
Phone: (216) 443-2561
Fax: (216) 443-9011
Email: kroessler@porterwright.com
*Attorney for Plaintiff,*
*KeyBank National Association*

15753694

## CERTIFICATE OF SERVICE

A copy of the foregoing Release of Judgment Lien was mailed, postage prepaid, this 11th day of April, 2022 to the following:

Carroll Insurance Agency, Inc.
c/o Michael P. Carroll
3712 River Road
Toledo, OH  43614
*Defendant*

Michael P. Carroll
3712 River Road
Toledo, OH  43614
*Defendant*

_____
KIRK W. ROESSLER  (0060931)
*Attorney for Plaintiff,*
*KeyBank National Association*

15753694

FILED
LUCAS COUNTY

2022 APR 12 PM 1: 12

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURT

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| KEYBANK NATIONAL ASSOCIATION, | ) | JUDGMENT LIEN CASE NO. |
| | ) | G-4801-LN-0202011133-000 |
| Plaintiff, | ) | |
| | ) | JUDGE LINDSAY D. NAVARRE |
| v. | ) | |
| | ) | |
| THE CARROLL MORTGAGE CO., | ) | |
| LTD., *et al.*, | ) | |
| | ) | **RELEASE OF JUDGMENT LIEN** |
| Defendants. | ) | |

The plaintiff, KeyBank National Association, hereby releases from the operation and effect of the certain Certificate of Judgment for Lien, entered as Judgment Lien No. G-4801-LN-0202011133-000 and filed on July 7, 2020, in the Judgment Lien records of Lucas County, Ohio, all real property located in Lucas County, Ohio, and owned by defendant, Michael P. Carroll. Plaintiff hereby authorizes and requests the Clerk of this Court to enter this release of the property from the lien of the Judgment.

Respectfully submitted,
PORTER WRIGHT MORRIS & ARTHUR LLP

KIRK W. ROESSLER (0060931)
950 Main Avenue, Suite 500
Cleveland, OH 44113-7206
Phone: (216) 443-2561
Fax: (216) 443-9011
Email: kroessler@porterwright.com
*Attorney for Plaintiff,*
*KeyBank National Association*

15753640

## CERTIFICATE OF SERVICE

A copy of the foregoing Release of Judgment Lien was mailed, postage prepaid, this 11th day of April, 2022 to the following:

The Carroll Mortgage Co., Ltd.
c/o Michael P. Carroll
3712 River Road
Toledo, OH 43614
*Defendant*

Michael P. Carroll
3712 River Road
Toledo, OH 43614
*Defendant*

/s/ Kirk W. Roessler
KIRK W. ROESSLER (0060931)
*Attorney for Plaintiff,*
*KeyBank National Association*

15753640

# EXHIBIT 3

| American Land Title Association | ALTA Settlement Statement - Borrower/Buyer |
| --- | --- |
| | Adopted 05-01-2015 |

**File No./Escrow No.:** 2239462  
**Print Date & Time:** 04/22/22 9:30 AM  
**Officer/Escrow Officer:** Chelsea Tabb  
**Settlement Location:**  
Midland Title & Escrow-Maumee  
3355 Briarfield Dr  
Maumee, OH 43537  

Midland Title and Escrow, Ltd.  
**ALTA Universal ID:** 0000000  
401 Adams Street  
Toledo, OH 43604  

**Property Address:** 3712 W. River Rd. Toledo, OH 43614  
3712 W. River Rd.  
Toledo, OH 43614  

**Borrower:** Michael Patrick Carroll and Jody Carroll, husband and wife  
3712 River Road  
Toledo, OH 43614  

**Seller:**  
**Lender:** Union Home Mortgage Corp., It's Successors and/or Assigns, as their respective interests may appear, 8241 Dow Circle W., Strongsville, OH, 44136  
**Loan Number:** 788721  
**Settlement Date:** 04/22/2022  
**Disbursement Date:** 04/27/2022  
**Additional dates per state requirements:**

| Description | Borrower/Buyer | |
| --- | --- | --- |
| | **Debit** | **Credit** |
| **Financial** | | |
| Loan Amount | | $286,000.00 |
| | | |
| **Loan Charges to Union Home Mortgage Corp., It's Successors and/or Assigns, as their respective interests may appear** | | |
| 0.863% of Loan Amount (Points) | $2,468.18 | |
| Fraud review fee | $165.00 | |
| Underwriting fee | $1,850.00 | |
| Prepaid Interest $56.8082 per day from 04/27/2022 to 05/01/2022) | $227.23 | |
| | | |
| **Other Loan Charges** | | |
| Appraisal fee $475.00 Borrower-Paid Before Closing | | |
| Appraisal fee | $125.00 | |
| MERS (R) Registration fee | $24.95 | |
| Tax service | $68.00 | |
| | | |
| **Impounds** | | |
| Homeowner's Insurance $230.23 per month for 6 mo. | $1,381.38 | |
| Property Taxes $611.51 per month for 6 mo. | $3,669.06 | |
| | | |

| Description | Borrower/Buyer | |
|---|---|---|
| | Debit | Credit |
| **Title Charges & Escrow / Settlement Charges** | | |
| Title - Abstract or Search Fee to Midland Title and Escrow, Ltd. | $250.00 | |
| Title - Chain of Title to Midland Title and Escrow, Ltd. | $50.00 | |
| Title - CPL to Midland Title CPL Remittal | $40.00 | |
| Title - Deed Preparation to Donald M. Mewhort III, Esq./Sandra M. Hylant, Esq. | | |
| Title - E Recording Fees to Midland Title and Escrow, Ltd. | | |
| Title - Electronic Doc & Filing Service Fees to Midland Title and Escrow, Ltd. | $35.00 | |
| Title - Environmmental Protection w/9 to Midland Title and Escrow, Ltd. | $75.00 | |
| Title - Insurance Binder to Midland Title and Escrow, Ltd. | $100.00 | |
| Title - Lender's Title Insurance($710.50) to Midland Title and Escrow, Ltd. | $710.50 | |
| Title - Settlement or Closing Fee to Midland Title and Escrow, Ltd. | $285.00 | |
| Title - Shipping & Handling to Midland Title and Escrow, Ltd. | $90.00 | |
| Title - Survey-Lender to Midland Title and Escrow, Ltd. | $50.00 | |
| Title - Wire Fees to Midland Title and Escrow, Ltd. | $30.00 | |
| | | |
| **Government Recording and Transfer Charges** | | |
| Recording Fee (Deed) to Lucas County Recorder | $42.00 | |
| Recording Fee (Mortgage) to Lucas County Recorder | $58.00 | |
| Transfer Tax to Lucas County Auditor | $0.50 | |
| Record - | | |
| Recording Non-Compliance Fees | | |
| | | |
| **Payoff(s)** | | |
| Payee:       Payoff of First Mortgage to Union Home Morgage | $227,780.62 | |
|           Total ($227,780.62) | | |
| | | |
| **Miscellaneous** | | |
| County Taxes TD: | | |
| Survey | | |
| | Borrower/Buyer | |
| | Debit | Credit |
| **Subtotals** | $239,575.42 | $286,000.00 |
| Due **To** Borrower | **$46,424.58** | |
| **Totals** | $286,000.00 | $286,000.00 |



**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize Midland Title and Escrow, Ltd. to cause the funds to be disbursed in accordance with this statement.

_____      _____
Michael Patrick Carroll                Date

_____      _____
Jody Carroll                                    Date

_____   _____
Closing Agent                                                                    Date